FRANCIS G. ZVANOVEC, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zvanovec v. Commissioner
Docket No. 2403-87
United States Tax Court
T.C. Memo 1989-65; 1989 Tax Ct. Memo LEXIS 65; 56 T.C.M. (CCH) 1240; T.C.M. (RIA) 89065; February 13, 1989
*66 Francis G. Zvanovec, pro se. Dennis G. Driscoll, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined additions, under section 6653(b), [1] to petitioner's Federal income taxes in the amounts of $ 3,644.08 for 1978, $ 3,757.58 for 1979, and $ 4,495.87 for 1980. In his answer, respondent pleads in the alternative that, in the event the Court determines petitioner is not liable for the additions to tax under section 6653(b), petitioner is liable for the additions to tax under sections 6651(a)(1) and 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Port Huron, Michigan when he filed his petition in this case. Petitioner, a college professor, has been employed by Saint Clair Community College for 23 years. From 1975 to 1977, the *67 three years prior to the years in issue, petitioner prepared and filed his Federal income tax returns. On each of these returns, he reported the wages he received as a college professor as income. On his 1977 tax return, petitioner reported a tax liability of several thousand dollars. Petitioner represented himself during an audit of his 1977 income tax return. During the taxable years in issue, petitioner earned the following income from wages: Year
Wages
1978
$ 25,334.00
1979
$ 27,797.59
1980
$ 28,020.54
After the close of each of the taxable years in issue, petitioner's employer sent petitioner a Wage and Tax Statement (W-2 Form), which advised petitioner how much wage income he had earned during the taxable year. On April 17, 1978, petitioner submitted an Employee's Withholding Allowance Certificate (W-4 Form) to his employer in which he stated he was exempt from withholding. By signing the W-4 Form, petitioner certified under penalties of perjury that he had no tax liability for taxable year 1977 and anticipated no tax liability for the taxable year 1978 even though petitioner reported a tax liability of several thousand dollars for 1977. Petitioner *68 was aware that he would have a tax liability for 1978 because his wages for 1978 were comparable to his wages for 1977. Petitioner submitted similar W-4 Forms to his employer during 1979 and 1980 claiming he was exempt from withholding. On April 16, 1979, petitioner sent a letter to the Internal Revenue Service Center in Cincinnati, Ohio. In the letter, petitioner claimed he was not subject to Federal income tax for 1978, that he did not intend to pay income taxes for that year, and that he was not allowing Federal income taxes to be withheld from his wages. On April 15, 1980 and April 14, 1981, petitioner sent respondent similar letters claiming he was not subject to income taxes for 1979 and 1980. During taxable years 1979 and 1980, petitioner rented out a room in his residence. Petitioner directed that the tenant make the rent checks payable to the Universal Life Church. The checks were deposited into an account in the name of the Church of Reality, Universal Life, of which petitioner was president. Petitioner was prosecuted for willful failure to file his 1978, 1979, and 1980 tax returns in violation of section 7203, and for willfully filing false and fraudulent W-4 Forms *69 during 1981 and 1982 in violation of section 7205. On February 8, 1984, petitioner pled guilty to willful failure to file his 1980 income tax return, and the remaining charges were dismissed. On March 13, 1984, as a condition of probation, petitioner filed his Federal income tax returns for taxable years 1978, 1979, and 1980. On his late filed returns, petitioner reported a tax liability of $ 7,288.16 for 1978, $ 7,515.15 for 1979, and $ 8,991.74 for 1980. OPINION Fraud
Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . His burden is met if he shows that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. , affg. a Memorandum Opinion of this Court; ; . Respondent must establish (1) that petitioner has underpaid his taxes for each year and (2) that some part of *70 the underpayment was due to fraud. ; sec. 6653(c). When a return is not filed timely, the underpayment on which the section 6653(b) addition to tax is computed is the total corrected tax liability, without any reduction for the tax shown on the late filed return. Secs. 6653(c), 6211(a)(1); sec. 301.6653-1(c)(1)(ii), Proced. & Admin. Regs. See , affg. in part and revg. in part a Memorandum Opinion of this Court; . Accordingly, petitioner's delinquent filing of his returns for the years in issue does not prevent an underpayment from existing during each of those years. Respondent has established that petitioner underpaid his taxes for each of the years in issue. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. ; , affd. without published opinion . Fraud will never be *71 presumed. . Fraud may, however, be proven by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. , affd. . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; . Where fraud is determined, as in this case, for more than one taxable year, respondent must show that some part of an underpayment was due to fraud for each taxable year in order for the corresponding addition to tax to be upheld. . Respondent has shown various indicia of fraud. Petitioner failed to file timely Federal income tax returns for the years in issue. While failure to file timely returns, without more, is not proof of fraud, ( ), failure to file returns is persuasive circumstantial evidence of fraud. , *72 affg. a Memorandum Opinion of this Court. With regard to taxable year 1980, petitioner is collaterally estopped by his criminal conviction under section 7203 from denying that he willfully [2] failed to file a return for that year. ; . When petitioner's failure to file returns for taxable years 1978, 1979, and 1980 is viewed in light of his previous filing of Federal income tax returns for the taxable years 1975, 1976, and 1977, petitioner's inaction weighs heavily against him. . During 1979 and 1980, petitioner rented out a room in his residence and requested that the tenant make the rent checks payable to the Universal Life Church. The rent checks were deposited into an account in the name of Church of Universal Reality, Universal Life. Petitioner's use of the Universal Life Church as a nominee to conceal rental income is evidence of fraud. *73 Petitioner also submitted false W-4 Forms to stop the withholding of Federal income taxes from his wages during the years in issue. This is indicative of an attempt to evade the payment of income taxes. See , affg. a Memorandum Opinion of this Court; ; . "A fortiori, filing of false certificates claiming an excessive number of exemptions or claiming that the taxpayer is exempt from income tax is evidence of fraud by the lesser standard of proof applicable in a civil proceeding." . Petitioner's arguments in this case are all frivolous tax protester type arguments. Contrary to petitioner's allegations, he is a taxpayer, and his wages constitute taxable income. , affg. ; . Where a taxpayer's failure to file is *74 predicated on totally frivolous arguments and where respondent has shown substantial amounts of unreported income on which withholding has been prevented by the submission of false W-4 Forms, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the addition to tax under section 6653(b). See, e.g., . See also ;. We reach the same conclusion in this case. The fact that petitioner told the Internal Revenue Service that he would defy the Federal tax laws does not make his actions any less fraudulent. In addition to failing to file timely returns, petitioner furthered his fraud by submitting false W-4 Forms thereby preventing withholding on his wages. This action amounts to more than disclosed defiance and is sufficient to constitute fraud. See , affg. a Memorandum Opinion of this Court. Compare with , affg. a Memorandum Opinion of this *75 Court (a taxpayer cannot avoid the civil fraud addition by notifying the Commissioner that he has been evading taxes and that he will continue to do so). Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. "Willful" means the voluntary, intentional violation of a known legal duty. .↩